Shaw C. J.
drew up the opinion of the Court. This case comes before the Court upon exceptions to the opinion of the *282 Court of Common Pleas, accepting the report of the referees, made pursuant to a rule in an action between these parties, by which judgment was rendered upon the report. The ground of objection to the acceptance of the report was, the partiality of one of the referees, at and before the hearing ; which seems to have been sufficiently proved by the evidence stated in the exceptions. This proof of bias and strong partiality would have formed a very serious objection to the acceptance of the report, had it stood alone. And it would not have been a valid answer to the objection, that such referee did not discover undue partiality for one of the parties upon the deliberation of the referees, and made no unusual exertion to influence the ■minds of the other referees. It is impossible for the other referees to determine to what extent their own judgments reposed upon the reasonings and suggestions of this individual, or how far their decisions were influenced by his. If parties really intend to have their rights decided by impartial judges,, they are entitled to insist that all shall be impartial.
But volenti non jit injuria. If parties are content to submit questions in controversy to those, who are known to have formed and expressed opinions upon the subject matter, or who are known to have partialities and prejudices for or against the respective parties, an award made by such arbitrators is binding. And it is not unfrequent in practice, for each party to select a friend known to have formed and expressed opinions upon the subject, and preferences for the parties respectively, trusting that these opposite prejudices will balance each other, especially with the aid of an impartial umpire. Without commending the expediency of such references, the Court can entertain no doubt of the validity of an award made by such referees, nor could the parties be heard to impeach it on this ground.
If the objection is known to the party before the hearing and not then disclosed, and no exception taken, the objection must be taken to be waived, and the consent of the parties be presumed, that the hearing shall proceed. It is like the case o., challenge of a juror. If a party knows of any prejudice entertained by a juror, and makes no exception when the jury is empannelled, however good his cause of challenge then is, it *283 must be deemed to be waived. Otherwise, knowing of a secret taint to which the verdict may be exposed, he takes his chance for a favorable verdict, reserving a power to impeach it, should it happen to be against him ; a proceeding inconsistent with the plain principles of fair dealing, and with the frankness which ought to characterize the whole course of judicial proceedings.
In the present case, the evidence is quite sufficient to show, that if the party was not fully apprized of the partiality of the referee before the hearing, he had ample notice to put him upon inquiry, which would have led to the full knowledge of the fact; and had the exception been taken at the hearing, and the referees had persisted in proceeding, it would have been a strong ground of objection to the award. As he was content to proceed with the knowledge of the fact, relying upon the strength of his cause, or the capacity and firmness of the other referees, he must be deemed to have waived his exceptions ; and therefore the judgment of the court below, accepting the report of the referees, must be affirmed.